ORIGINAL

cc: LEK

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
michael.albanese@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 16 2019
at 3 o'clock and 26 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. CR19 00097 LEK |
|---|---|
| Plaintiff, | ) INFORMATION |
| vs. | ) [18 U.S.C. § 1347(a), |
| MARK D. LIPETZ, | ) 21 U.S.C. § 843(a)(3)] |
| Defendant. | ) |

INFORMATION

The U.S. Attorney charges:

## GENERAL ALLEGATIONS

At all times material to this Information:

1. MARK D. LIPETZ ("LIPETZ"), the defendant, was a physician licensed by the State of Hawaii to practice medicine and maintained a unique registration number assigned by the Drug Enforcement Administration ("DEA Registration Number") to prescribe controlled substances. LIPETZ was the sole medical provider at the South Maui Clinic, located in Kihei, Hawaii.

2. In that role, LIPETZ wrote prescriptions for controlled substances, which included, without limitation, alprazolam, commonly known as "Xanax." Alprazolam is a Schedule IV controlled substance primarily used to treat anxiety.

## COUNT 1
### Health Care Fraud
### (18 U.S.C. § 1347(a)(1))

3. Paragraphs 1 and 2 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

4. Beginning on a date unknown, but at least by January 2017 and continuing through in or around June 2018, within the District of Hawaii and elsewhere, LIPETZ did knowingly and willfully with the intent to defraud, devise and execute, and intend to devise and execute a scheme and artifice to defraud Medicare, a health care benefit program as defined in Title 18, United States Code,

Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services.

### The Scheme to Defraud

The fraudulent scheme operated, in substance, as follows:

5. LIPETZ wrote false and fraudulent prescriptions to be filled by pharmacies that he knew would then be submitted to Medicare for payment of the cost of these prescriptions.

6. As a licensed physician, LIPETZ routinely wrote prescriptions for controlled substances for the treatment of his patients. LIPETZ also, as a matter of routine, offered to submit the prescriptions directly to a pharmacy and pick up the filled prescription from the pharmacy, so that the patient could obtain the prescriptions directly from LIPETZ, rather than from the pharmacy. In some cases, LIPETZ made home visits to his homebound patients and personally delivered medication that he picked up from the pharmacy.

7. On multiple occasions, LIPETZ wrote prescriptions using the name, address, and insurance information of a patient, for medication that he never intended to give to the patient whose name appeared on the prescription. Rather, LIPETZ filled the prescription and utilized the controlled substances for purposes other than the legitimate medical treatment of the patient. These purposes included giving the medication to other patients or creating a stockpile from which he could

3

provide "trial samples" of medication to patients without writing them a prescription.

8.   In such cases, the patient for whom the medication was prescribed either never received the controlled substance at all, or received only a part of the total prescription obtained by LIPETZ.

**False Medicare Claim**

9.   On or about May 31, 2017, within the District of Hawaii and elsewhere, LIPETZ, knowingly and willfully executed and attempted to execute the fraudulent scheme described above, by causing to be submitted to Medicare a false and fraudulent claim for payment for a prescription drug, namely alprazolam, a Schedule IV controlled substance, which LIPETZ prescribed to patient L.M., which LIPETZ filled and utilized for purposes other than the legitimate treatment of patient L.M.

All in violation of Title 18, United States Code, Section 1347(a)(1).

<u>COUNT 2</u>
Acquiring or Obtaining a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception, and Subterfuge
(21 U.S.C. § 843(a)(3))

10.   Paragraphs 1 and 2 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

11.   On or about March 31, 2017, within the District of Hawaii, LIPETZ did acquire and obtain possession of a controlled substance, namely alprazolam, a

4

Schedule IV controlled substance, by misrepresentation, fraud, deception, and subterfuge.

All in violation of Title 21, United States Code, Section 843(a)(3).

COUNT 3
Health Care Fraud
(18 U.S.C. § 1347(a)(2))

12.   Paragraphs 1 and 2 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

13.   Beginning on a date unknown but at least by on or about May 12, 2014 and continuing through on or about July 19, 2018, within the District of Hawaii and elsewhere, LIPETZ did knowingly and willfully and with the intent to defraud, devise and execute, and intend to devise and execute, a scheme and artifice to obtain money from Medicare, Medicaid, Hawaii Medical Service Association ("HMSA"), and United Healthcare ("UHC"), each a health care benefit program as defined in Title 18, United States Code, Section 24(b), by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material facts, in connection with the payment for health care benefits, items, and services.

**The Scheme to Defraud**

The fraudulent scheme operated, in substance, as follows:

14. LIPETZ submitted and caused to be submitted false claims for payment for medical services to several different health care benefit programs, including Medicare, Medicaid, HMSA, and UHC.

15. Most health care benefit programs required that reimbursement claims for services report the type of service using the American Medical Association's Current Procedural Terminology ("CPT") codes. CPT codes were intended to accurately identify, simplify, and standardize billing for medical service. The amount of reimbursement to a provider for a service based on CPT code varied depending on the work involved in the procedure, the complexity of the procedure, practice expense, and malpractice expense.

16. CPT codes 99213, 99214, and 99215 are codes used for "office or other outpatient visit" of an established patient, corresponding to visits of low, moderate, and high complexity, respectively. These codes require face-to-face treatment of a patient.

17. LIPETZ knowingly submitted for payment and caused to be submitted for payment reimbursement claims for services to the health care benefit programs that used CPT codes 99213, 99214, and 99215, which each required a face-to-face office visit, during periods when LIPETZ was out of the country.

### False Healthcare Claim

18.   On or about July 24, 2017, within the District of Hawaii, LIPETZ, knowingly and willfully executed and attempted to execute the fraudulent scheme described above, by causing to be submitted to HMSA a false and fraudulent claim for reimbursement for a service using CPT code 99215 when no face-to-face office visit with LIPETZ took place.

All in violation of Title 18, United States Code, Section 1347(a)(2).

### **FORFEITURE ALLEGATION**

1.   The allegations contained in paragraphs 1 and 2, and all paragraphs of Count 3 of this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

2.   The United States hereby gives notice to the defendant that, upon conviction of the federal health care offense charged in Count 3 of this Information, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

3.   If by any act or omission of the defendant, any of the property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence,

    b.    has been transferred or sold to, or deposited with, a third party,

    c.    has been placed beyond the jurisdiction of the court,

    d.    has been substantially diminished in value, or

    e.    has been commingled with other property which cannot be

subdivided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED: July 16, 2019, at Honolulu, Hawaii.

_____
KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MICHAEL F. ALBANESE
Assistant U.S. Attorney

United States v. Mark LIPETZ
Information
Cr. No.

8